J. S08018/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT ELBERT CHAMBERS, | : | |
| | : | |
| Appellant | : | No. 880 WDA 2015 |

Appeal from the PCRA Order May 7, 2015
in the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0002698-2005
CP-65-CR-0003823-2006

BEFORE: STABILE, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 17, 2016**

Appellant, Robert Elbert Chambers, appeals *pro se* from the order

entered in the Westmoreland County Court of Common Pleas dismissing his

third and fifth petitions filed under the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S. §§ 9541-9546, as untimely.[1]  We affirm.

Regarding Appellant's first case at CP-65-CR-0002698-2005, this Court

previously concluded that Appellant's judgment of sentence became final on

October 25, 2010, upon expiration of the time to file a petition for writ of

*certiorari* with the United States Supreme Court.  ***See Commonwealth v.***

---

[1] This is Appellant's fifth PCRA petition for CP-65-CR-0002698-2005, and his
third PCRA petition for CP-65-CR-0003823-2006.  We are considering these
cases together because Appellant's *pro se* PCRA petition included both cases.
The facts of the underlying convictions are not relevant to our disposition.

*Chambers*, No. 59 WDA 2013 (Pa.Super. filed August 12, 2013) (unpublished memorandum); U.S.Sup.Ct.R. 13 (allowing ninety days to file petition for writ of *certiorari*). Regarding Appellant's second case at CP-65-CR-0003823-2006, Appellant's judgment of sentence became final on January 6, 2009, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. Appellant filed this PCRA petition on January 22, 2015, five and six years, respectively, after his judgments of sentence became final. The PCRA court dismissed the petition as untimely.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant raised three issues on appeal:

> a. Whether the trial court erred in the calculation of the [time] it took defendant to enter his second PCRA post-conviction motion on case # 2698 C 2005?
>
> b. The legality of the mandatory sentence and whether the petitioner has produced newly discovered case log that is retroactive to his situation calling for the appellate court to raise and review the illegal sentence sua sponte.
>
> c. Has the petitioner's sixth amendment rights been violated due to the ineffective assistance of counsel and is there a reasonable probability of a different outcome with effective counsel?

Appellant's Brief at 4 (capitalization removed).

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported

by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa.Super. 2003) (*en banc*). Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition. ***See Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

Under the PCRA, any PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S. §9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, because Appellant filed the instant petition five and six years after his judgments of sentence became final, it is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). *See, e.g., Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (applying sixty-day timeframe after reviewing specific facts that demonstrated the claim was timely raised).

Here, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(i) and alleges that his "court appointed attorney never sent [him] notice of this case status." In dismissing this claim, the trial court noted that the Order dated June 23, 2011, indicated that the court sent a copy to Appellant. Accordingly, Appellant failed to prove this timeliness exception under Section 9545(b)(1)(i).

With respect to Appellant's challenge to the legality of his sentence, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(iii) and argues that the trial court imposed illegal mandatory minimum sentences of five to ten years' incarceration pursuant to 18 Pa.C.S. § 7508(a)(3)(ii) for his two PWID convictions. Appellant relies on ***Alleyne v. United States***, __ U.S. __, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), as well as ***Commonwealth v. Newman***, 99 A.3d 86, 98 (Pa.Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015).[2]

As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa.Super. 2007); ***Commonwealth v. Stokes***, 38 A.3d 846, 857 (Pa.Super. 2011). However, a legality of sentencing issue must be raised in a timely filed PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(2); ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

---

[2] Appellant avers that ***Newman***, ***supra***, is "controlling authority." Appellant's Brief at 5. In ***Newman***, this Court held 42 Pa.C.S. § 9712.1, which imposed a mandatory minimum sentence for possessing a firearm in close proximity to narcotics, unconstitutional. Appellant fails to develop his argument here and explain why ***Newman*** controls his mandatory sentence pursuant to 18 Pa.C.S. § 7508(a)(3)(ii). This defect is noteworthy because it prevents Appellant from relying on the date of the ***Newman*** decision rather than the date of the ***Alleyne*** decision for purposes of the sixty-day rule under 42 Pa.C.S. § 9545(b)(1)(iii). Appellant's reliance on Newman is, thus, misplaced.

Appellant must present an illegal sentencing claim in a timely PCRA petition over which we have jurisdiction. ***See Fahy, supra*** at 223, and ***Commonwealth v. Miller***, 102 A.3d 988, 994 (Pa.Super. 2014) (*en banc*) (explaining that the decision in ***Alleyne*** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition).

Here, the United States Supreme Court decided ***Alleyne*** on June 17, 2013. In order to invoke the "constitutional right" exception under 42 Pa.C.S. § 9545(b)(1)(iii), Appellant needed to submit his PCRA petition within 60 days of June 17, 2013. ***See Commonwealth v. Boyd***, 923 A.2d 513, 517 (Pa.Super. 2007) (stating that the 60-day period begins to run upon the date of the underlying judicial decision). Appellant filed this PCRA petition on January 22, 2015, well after the 60-day deadline of August 16, 2013. After concluding that Appellant failed to prove the applicability of one of the timeliness exceptions, the PCRA court properly dismissed Appellant's PCRA petition as untimely.

The Honorable Rita Donovan Hathaway, sitting as the PCRA court, has authored a comprehensive, thorough, and well-reasoned opinion, citing to the record and relevant case law in addressing Appellant's claims on appeal. After a careful review of the parties' arguments, and the record, we affirm on the basis of the PCRA court's opinion. ***See*** PCRA Court Opinion, filed 5/7/15, at 4-15 (holding that Appellant failed to timely file instant petition and failed to invoke exception to PCRA time-bar).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2016